IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN B. CUTLER, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO._____ |
| v. § | |
| § | |
| GENERAL MOTORS, LLC, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff John B. Cutler and hereby files this Original Complaint against Defendant General Motors, LLC ("GM" or "Defendant"). In doing so, Plaintiff respectfully shows the Court the following:

### I.
### PARTIES

1.01    At all relevant times, Plaintiff John B. Cutler is a citizen and resident of Prosper, Denton County, Texas.

1.02    Defendant General Motors LLC is a Delaware limited liability company engaged in and doing business in Texas. Defendant General Motors LLC is a Delaware limited liability company with its principal place of business in Detroit, Michigan. Defendant's sole member is General Motors Holdings, LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings, LLC's sole member is General Motors Company which is a Delaware corporation with its principal place of business in Michigan. Thus, Defendant General Motors LLC, General Motors Holdings, LLC, and General Motors Company are all citizens of Delaware and Michigan, and were on the date this suit was filed.

Defendant General Motors LLC does not have any members that are located in or are citizens of the State of Texas, but it regularly does business in the State of Texas. Defendant General Motors LLC may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.
### VENUE AND JURISDICTION

2.01    Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. §1332.

2.02    The Defendant resides in the Eastern District of Texas, as the term is defined in 28 U.S.C. §1391 (c) (for venue purposes, a business entity is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced). Additionally, venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas, which is in the Eastern District—Sherman Division. Plaintiff would show that the incident at issue occurred in Frisco, Collin County, Texas.

## III.
### FACTUAL BACKGROUND

3.01    On or about January 31, 2021, John Cutler was a lawfully restrained passenger of a 2013 Black Chevrolet Cruze, VIN No. 1G1PG5SBXD7281235, herein after referred to as "the Vehicle." The vehicle was being operated by his 15-year-old minor granddaughter, E. K. S.  The Vehicle was stopped at a stop sign facing northbound at the intersection of Ohio Drive and Prestmont Place in Frisco, Collin County, Texas.

3.02    While stopped, the Vehicle was struck from behind by a 2014 White Ford Expedition. As a result of Defendant's negligence, Plaintiff suffered severe injuries.

## IV.
## STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST DEFENDANT GENERAL MOTORS

4.01    The Vehicle at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of Defendant General Motors, LLC.

4.02    Defendant GM was regularly engaged in the business of supplying or placing products, like the Vehicle in question, in the stream of commerce for use by the consuming public, including Plaintiff.  Further, such conduct was solely for commercial purposes.

4.03    The Vehicle in question remained unchanged from the time it was originally manufactured, distributed and sold by Defendant GM until it reached Plaintiff and ultimately led to his injuries.  Stated another way, the Vehicle in question was defective and in an unreasonably dangerous condition at all times until it ultimately caused the injuries and damages asserted herein.

4.04    At the time the Vehicle was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the Vehicle would be used by persons such as Plaintiff in the manner and application in which it was being used at the time Plaintiff suffered his injuries.

4.05    There were no mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the Vehicle at the time of manufacture and that governed the product risk that allegedly caused harm. Alternatively, the design of the Vehicle did not comply with mandatory safety standards or regulations adopted by the federal government that were applicable to the vehicle model at the time of the manufacture and governed the risks that caused Plaintiff's injuries.  Again, in the alternative, in the event that such standards were in effect, and they were complied with, they were nonetheless inadequate to protect the public from unreasonable risks of injury or danger, or the manufacturer, before or after marketing the Vehicle, withheld or misrepresented the information

or material irrelevant to the federal governments or agencies determination of adequacy of the safety standards or regulations at issue in the action.

4.06  With respect to the design of the Vehicle, at the time it left the control of GM, there were safer alternative designs.  Specifically, there were alternative designs that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiff.  Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of GM by the application of existing or reasonably achievable scientific knowledge.

4.07  At the time the Vehicle left the control of GM, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk of injury.  By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

   a. The vehicles passenger seat system was defectively designed because it failed to remain secure and in a fixed position in a foreseeable accident;

   b. The passenger headrest was defectively designed because it failed to remain secure and in a fixed position in a foreseeable accident; and

   c. The warnings and instructions for the Vehicle were inadequate.

4.08  The above unreasonably dangerous defects in the Vehicle in question were the proximate and producing cause of Plaintiff's injuries and damages.

4.09  Defendant GM breached its duty of care and was thus negligent by:

   a. Designing and distributing the Cruze model with a design standard that was intended to meet the minimum government regulations, instead of safely designing the vehicle to reasonably minimize injuries in foreseeable accidents;

   b. Failing to adequately monitor the performance of Defendant's vehicles in the field to ensure that they were reasonably minimizing injuries in foreseeable accidents;

    c.   Failing to adequately test the Cruze model to ensure that it would be reasonably safe in foreseeable accidents;

    d.   Failing to design the vehicle's seatback and headrest system to stay secure and in a fixed position in order to protect occupants such as Plaintiff in foreseeable rear-end collision;

    e.   Failing to design the seat and headrest system in compliance with Federal Motor Vehicle Safety Standards; and

    f.   Failing to recall, retrofit, or issue post-sale warnings after Defendant knew, or should have known, that the Cruze model was defective and unreasonably dangerous.

4.10   The above negligent acts and/or omissions were a proximate and producing cause of the injuries and damages alleged by Plaintiff, herein.

## V.
## DAMAGES

5.01   As a proximate result of the negligence of Defendant described above, Plaintiff John Cutler is entitled to bring this cause of action for all damages suffered as a result of the injuries sustained in the incident made basis of this suit, including but not limited to:

    a.   Past and future medical expenses;

    b.   Past and future lost wages;

    c.   Past and future pain and suffering;

    d.   Past and future mental anguish;

    e.   Past and future disfigurement; and

    f.   Past and future impairment.

## VI.
## EXEMPLARY DAMAGES

6.01   Plaintiff alleges that each and every negligent act or omission of Defendant and its agents, as set forth above, when viewed objectively from the standpoint of policymakers, involved

an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Defendant had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of John Cutler, and others like him and therefore, such conduct amounts to gross negligence or malice, as those terms are defined by law, so as to give rise to an award of exemplary or punitive damages, for which Plaintiff now pleads against Defendant. Additionally, by reason of such conduct, Plaintiff is entitled to, and therefore assert, a claim for punitive and exemplary damages in an amount sufficient to punish and deter Defendant, and others like it, from such conduct in the future.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.01 Plaintiff claims prejudgment and post-judgment interest at the maximum rate allowed by law.

## VIII.
## JURY DEMAND

8.01 Plaintiff respectfully requests the Court impanel a jury to decide all fact issues in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer this Complaint and that upon final hearing, Plaintiff recovers judgment against Defendant for its damages as they appear at trial hereof together with costs of court, prejudgment and post-judgment interest, and for such general and equitable relief as Plaintiff may be entitled.

Respectfully Submitted,

*/s/ James L. Mitchell*
**JAMES L. MITCHELL**
State Bar No. 14214300
Jim@PayneMitchell.com
**ANDREW S. BULLARD**
State Bar No. 24104622
abullard@paynemitchell.com
**PAYNE MITCHELL LAW GROUP**
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214/252-1888 Telephone
214/252-1889 Facsimile

ATTORNEYS FOR PLAINTIFF